### SCOVILLE *v.* ETHERIDGE *et al.*

Under the evidence in this case, the court did not err in granting the interlocutory injunction prayed.

MAY 15, 1917.

Injunction. Before Judge Searcy. Butts superior court. July 10, 1916.

Etheridge and others filed their petition against Scoville, alleging that at the time of the act complained of and for some years previously they had procured water from Indian Spring, in Butts County, by paying to one William Besley a stipulated amount for bringing them water daily. Petitioners furnished the vessels in which the water was brought, such as a jug or bottle. Besley was in the regular employment of one of the petitioners; the others would have him bring them water, paying for this special service. Scoville, who is the lessee of the Indian Spring property, had Besley arrested upon a charge of trespass; and petitioners prayed for an injunction against any acts of interference on the part of Scoville with their obtaining the water as they had done previously. The court, upon the hearing, granted an interlocutory injunction, and Scoville excepted.

*W. E. Watkins,* for plaintiff in error.

*J. T. Moore* and *C. L. Redman,* contra.

BECK, J. (After stating the foregoing facts.) Under the evidence there was no error in granting the interlocutory injunction in this case. The judge, under the facts, was authorized to find that Besley was employed by the petitioners to bring them small quantities of water from the Indian Spring. Scoville is the lessee of the spring, which is the property of the State of Georgia. In his lease, however, it is stipulated that he takes the lease subject to the covenants and conditions expressed in a prior lease to George and Lawson Collier; and in the lease to the Colliers, which contains the covenants and conditions referred to, it is stipulated that the lessees shall "permit the public to·use the water of said spring free from any hindrance, and to carry it to hotels and residences for use; but no person shall, without consent of the lessee or lessees, interfere with the use of water, after it flows from the spring, by pipes or other means of elevating or conducting water; it being the true intent of the legislature and of this contract that the public shall enjoy the water of said spring for actual use, but not for sale, and that said lessees shall enjoy whatever profits may be derived from the sale or transportation of said water." Under these stipulations in the lease to the Colliers, which is made a part of the lease to Scoville, the public may make a reasonable use of the water of the Indian Spring. Hotel-keepers, for instance, other than Scoville, may have the water carried to their hotels, and members of the public living near enough to the spring, as these petitioners do, may take water from the spring and carry it to their residences, or may employ some one to bring it to them, provided that this is done in such a way and the water taken in such quantities as not to interfere with the rights granted to the lessees by the State. The court might well have found in the present instance that the use made of the water by the petitioners was not an unreasonable interference with the rights of the lessees, but was in accordance with the rights guaranteed to citizens and the public under the lease; and, that being true, that Scoville did not have a right to interfere with petitioners and their employees while taking water from the spring.

*Judgment affirmed. All the Justices concur, except Evans, P. J., and Gilbert, J., dissenting.*